UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

| | |
|---|---|
| IN RE:<br><br>ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYSFEMORAL HEAD PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to All Actions*<br><br>*Lawrence R. Snyder v. Zimmer, Inc., Zimmer US, Inc., Zimmer Biomet Holdings, Inc. f/k/a Zimmer Holdings, Inc.* | MDL No. 2859<br><br>18-MD-2859 (PAC)<br>18-MC-2859 (PAC)<br><br>**SHORT FORM COMPLAINT**<br><br>**Direct File** |

-------------------------------------------------------------------------------x

1. Plaintiff, Lawrence R. Snyder, states and brings this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.

2. Plaintiff is filing this Short Form Complaint as permitted by this Court's Case Management Order 9, dated February 7, 2019, and hereby incorporates the Master Long Form Complaint filed in MDL No. 2859 by reference.

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiff, Lawrence R. Snyder was a resident and citizen of the State of Oregon and claims damages as set forth below.

4. Venue of this case is appropriate in the United States District Court, District of Oregon. Plaintiff states that but for the Order permitting directly filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United

States District Court, District of Oregon. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5. Plaintiff brings this action *[check the applicable designation]*:

__X____    On behalf of himself;

## FACTUAL ALLEGATIONS

## ALLEGATIONS AS TO RIGHT-SIDE IMPLANT/EXPLANT SURGERY:

6. Plaintiff was implanted with a Versys Femoral Head in his right hip on or about May 11, 2004, at the Providence St Vincent Medical Center in Portland, Oregon, Washington, in by Dr. .

7. Plaintiff was implanted with the following femoral stem during the May 11, 2004 implantation surgery:

___X____    Zimmer M/L Taper

_____    Zimmer M/L Taper with Kinectiv Technology

8. Plaintiff had the following right hip components explanted on or about Septmeber 23, 2020, at Northwest Medical Center, 6200 N La Cholla Blvd. Tuscon, Arizona, by Dr. Edward P. Petrow:

__X_____    Versys femoral head

_____    Zimmer M/L Taper

_____    Zimmer M/L Taper with Kinectiv Technology

## ALLEGATIONS AS TO INJURIES

9. (a) Plaintiff claims damages as a result of (check all that are applicable):

__X____          INJURY TO HIMSELF

_____          INJURY TO THE PERSON REPRESENTED

_____          WRONGFUL DEATH

_____          SURVIVORSHIP ACTION

\_\_X\_\_\_          ECONOMIC LOSS

10. Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

11. Plaintiff has suffered injuries as a result of the explantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

13. Due to the nature of the defect, Plaintiff could not have known that the injuries he suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiff.

**CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

14. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

\_\_\_X\_\_\_          COUNT I - NEGLIGENCE;

\_\_\_X\_\_\_   COUNT II - NEGLIGENCE PER SE;

\_\_X\_\_\_\_   COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

\_\_X\_\_\_\_   COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

\_\_X\_\_\_\_   COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

\_\_X\_\_\_\_   COUNT VI - BREACH OF EXPRESS WARRANTY;

\_\_X\_\_\_\_   COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

\_\_\_X\_\_\_   COUNT VIII - BREACH OF IMPLIED WARRANTIES;

\_\_\_X\_\_\_   COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS

\_\_X\_\_\_\_   COUNT X –NEGLIGENT MISREPRESENTATION

\_\_X\_\_\_\_   COUNT XI- FRAUDULENT CONCEALMENT

\_\_\_X\_\_\_   COUNT XII - UNJUST ENRICHMENT

\_\_\_X\_\_\_   COUNT XIII – LOSS OF CONSORTIUM

\_\_\_X\_\_\_   COUNT XIV – WRONGFUL DEATH

\_\_X\_\_\_\_   COUNT XV- SURVIVAL ACTION

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

\_\_\_X\_\_\_   PUNITIVES DAMAGES

_____   OTHER:   _____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. Exemplary damages;

6. For restitution and disgorgement of profits; and,

7. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Date: 9/16/21                                  Respectfully submitted,


*S//Peter A. Sandberg*_____

BY: Peter A. Sandberg
Attorney for Linda J.L. Radach
INGALDSON FITZGERALD, PC
813 West Third Avenue
Anchorage, Alaska 99501
peter@impc-law.com
907-258-8750